IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LEE COKER, 817684, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-4237-P |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**Statement of Case:**

Petitioner filed this suit pursuant to 28 U.S.C. § 2254. On November 18, 2013, the Court mailed Petitioner a notice of deficiency because Petitioner failed to pay the filing fee or file a proper motion to proceed *in forma pauperis*. The deficiency notice informed Petitioner that if he failed to cure the deficiency within thirty days, his petition would be subject to dismissal. More than thirty days have passed and Petitioner has failed to comply with the Court's order.

**Discussion:**

Under Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in

the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Petitioner has failed to comply with the Court's order.  Accordingly, his petition for writ of habeas corpus should be dismissed for want of prosecution.

**RECOMMENDATION:**

The Court recommends that the petition for writ of habeas corpus be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 23 day of January, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).